# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| THOMAS T. TUNSTALL V, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 18-0356-KD-B |
| | ) |
| KIMBERLY M. GLIDEWELL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The action is before the Court on Plaintiff Thomas T. Tunstall V's objection to Magistrate Judge Sonja F. Bivins' order granting the motion for extension of time filed by Mark D. Ryan, Mark D. Ryan PC, and Ryan & Wilkes PC (docs. 19, 21). The Court construes Tunstall's objections as an appeal of the decision.

Tunstall "objects to Magistrate Judge's Endorsed Order (Doc. 21) as it could be understood as relieving Defendant Ryan & Wilkes P.C. from compliance with Fed. R. Civ. P. Rule 12 and/or implicitly DISMISSED Defendant Ryan & Wilkes P.C." (Doc. 23, p. 1) (emphasis in original). Tunstall asserts that footnote one in the motion could be construed as a motion to dismiss Ryan & Wilkes, PC (Id.) In footnote one, the Ryan Defendants explain that "Defendant Mark D. Ryan PC currently does business as Ryan & Wilkes, P.C." and that "[c]ontrary to the allegations in the complaint, there is no separate legal entity known as Ryan & Wilkes, P.C." (Doc. 19, p.1, n.1). Tunstall argues that if this is a motion to dismiss, Judge Bivins acted without jurisdiction because he "has not consented to the Magistrate Judge handling dispositive motions." (Id.).[1]

---

[1] Tunstall also argues that "to the extent" the footnote was a motion that "sought dismissal of Defendant Ryan & Wilkes PC" it should have been denied because it was not supported by a contemporaneously filed brief, did not "state the statute, rule or legal or equitable principles" upon which the motion was based, and he was not given the opportunity to oppose. (Doc. 23, p. 2).

Non-dispositive pretrial matters may be referred to a magistrate judge to hear and decide. Fed. R. Civ. P. 72(a). The district court "must consider timely objections and modify or set aside any part of" a magistrate judge's order "that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

The Court has considered Tunstall's objections but finds no error with Judge Bivins' decision to grant the Ryan Defendants' motion for extension of time. The Ryan Defendants' footnote was not construed as a motion to dismiss Ryan & Wilkes, PC. Instead, the motion was considered as a non-dispositive pre-trial motion for an extension of time, which Judge Bivins had jurisdiction to hear and decide. Ryan & Wilkes, PC was simply allowed additional time to respond to Tunstall's third amended complaint, it was not relieved of the obligation.[2]

Upon consideration, the Court concludes that Judge Bivins' decision is not clearly erroneous or contrary to law and that she did not abuse her discretion. Accordingly, Tunstall's appeal is DENIED, and the Magistrate Judge's decision is AFFIRMED.

**DONE** and **ORDERED** this the 6th day of November 2019.

    s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] No party has been dismissed from this action.