```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

| | |
|---|---|
| THOMAS T. TUNSTALL, V, | * |
| | * |
|    Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 18-00356-KD-B |
| | * |
| KELLEY O. EDWARDS, *et al.*, | * |
| | * |
|    Defendants. | * |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Thomas T. Tunstall's Motion for Leave to File Fifth Amended Complaint (Doc. 98) and Motion for Leave to File Supplemental Complaint (Doc. 107). Defendants have filed responses in opposition to Tunstall's motions (Doc. 103, 111). The motions, which are now fully briefed, have been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration of all matters presented, the undersigned recommends, for the reasons stated herein, that Tunstall's motions be **DENIED**.

    **I.**    **PROCEDURAL BACKGROUND**

Plaintiff Thomas T. Tunstall, V ("Tunstall"), who is proceeding *pro se* and *in forma pauperis*, commenced this action on August 13, 2018 by filing a sixty-four-page, fifteen-count complaint that named numerous Defendants, including Baldwin County Department of Human Resources employees Kelley O. Edwards

("Edwards") and Cynthia T. Mosley ("Mosley"). (Doc. 1). Approximately one month later, Tunstall filed a motion to amend his original complaint, along with a proposed first amended complaint. (Docs. 3, 3-1). Without awaiting a ruling from the Court, Tunstall filed a second motion, totaling more than 100 pages, seeking to further amend his first proposed amended complaint. (Doc. 4). In an order dated January 25, 2019, the Court observed that neither Tunstall's original complaint nor his proposed amendments complied with Fed. R. Civ. P. 8, which require a plaintiff to present a "short and plain" statement of his claims. (Doc. 5 at 3). Tunstall was directed to file an amended complaint that complied with Rule 8 and presented facts sufficient to establish "a claim to relief that is plausible on its face." (Id. at 7) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Pursuant to the Court's directive, Tunstall filed a third amended complaint on February 19, 2019. (Doc. 7). Edwards and Mosley, and four other named Defendants, sought the dismissal of the claims raised in Tunstall's third amended complaint on a number of different grounds. (See Docs. 26, 33, 51, 62, 73). In reports and recommendations dated July 21, 2020, August 19, 2020, August 21, 2020, and August 27, 2020, respectively, the undersigned recommended the dismissal of Tunstall's claims against all Defendants, except for his claims against Edwards and Mosley and

his emotional distress claim against a third defendant.[1] (Docs. 79, 81, 83, 85). In objections to the report and recommendation issued by the undersigned on July 21, 2020, Tunstall requested permission to yet again amend his complaint to correct pleading deficiencies identified in the report and recommendation, and he attached a proposed fourth amended complaint. (Doc. 80). The district court overruled Tunstall's objections and adopted the reports and recommendations, except that the court found that Tunstall had failed to state an emotional distress claim against any Defendant; thus, Tunstall's claims against all Defendants except for Mosley and Edwards were dismissed. (Doc. 89). The court also found that allowing Tunstall to file the proposed fourth amended complaint would be futile because the claims for which the undersigned recommended dismissal would still be subject to dismissal. (Id. at 2).

After Defendants Mosley and Edwards filed their answer (Doc. 91) on October 14, 2020, Tunstall filed yet another motion for leave to amend his complaint. (Doc. 94). A scheduling conference was conducted on October 30, 2020, with Tunstall and counsel for

---

[1] Specifically, the undersigned recommended the dismissal of Tunstall's claims against Defendants Mark D. Ryan, Mark D. Ryan, P.C. a/k/a Ryan & Wilkes, P.C., and Hope Theriot Daigle. (Docs. 79, 83). The undersigned also recommended that all claims except for the emotional distress claim against Defendant Kimberly M. Glidewell be dismissed, and that the claims against Defendants Edwards and Mosley, except for time-barred defamation claims, proceed. (Docs. 81, 85).

Defendants appearing by telephone. (Doc. 95). The Court denied Tunstall's motion to amend without prejudice and advised Tunstall that any proposed amended complaint should omit lengthy, rambling factual allegations that are not relevant to the issues remaining in the case, and should omit claims that the Court had already determined are futile. (Doc. 96). The Court also set December 7, 2020 as the deadline for filing motions to amend the pleadings. (Docs. 96, 97).

Tunstall filed the instant Motion for Leave to File Fifth Amended Complaint, supporting brief, and fifth proposed amended complaint on November 9, 2020. (Docs. 98, 99, 99-1). In the brief, Tunstall asserts that he does not seek to add any new claims in the proposed amended pleading, but instead seeks to clarify the dispute between the parties by removing all conclusory allegations and adding additional factual matters to support claims against Defendant Edwards and Mosley. (Doc. 99).

Defendants Edwards and Mosley oppose Tunstall's motion and argue that instead of narrowing the scope of his complaint, Tunstall seeks to add new allegations relating to his credit report, seeks to impose a duty on Edwards to correct his credit report, and seeks to make Edwards and Mosley responsible for alleged actions taken by persons and entities other than themselves. (Doc. 103 at 2-3). Defendants argue that if Tunstall's proposed amendment is allowed, the Court should strike

4

certain words from paragraphs 8, 9, 11, 12, 17, 18, 35, 37, 41, 45, and 47. (Id.). Defendants further assert that paragraphs 13, 14, 15, 19, 20, 21, 22, 23, 24, 26, 30, 31, and 33 should be stricken in their entirety because they relate to activities that are alleged to have occurred in Louisiana or were committed by entities and parties over whom Defendants have no control. (Id. at 3). Defendants also argue that paragraph 48 should be stricken in its entirety because it seeks to impose a duty on Edwards to correct Tunstall's credit report and to infer malicious intent from her alleged failure to do so. (Id. at 2).

Also pending before the Court is Tunstall's Motion for Leave to File a Supplemental Complaint, supporting brief, and proposed supplemental complaint. (Docs. 107, 108). As best the Court can discern, Tunstall seeks to file a supplemental complaint against Edwards, ReMiga T. Coleman, and "Defendant A", an agent of the Alabama Department of Human Resources. (Doc. 108 at 7-12). According to Tunstall, his proposed amendment relates to a recent dispute filed with the TransUnion credit reporting agency. Tunstall contends that some unknown agent of the Alabama Department of Human Resources falsely reported that Tunstall "has owed a child support arrearage of $7958.00 since July 1, 1995, the account closed and collection efforts ongoing." (Id. at 2). Defendants oppose Tunstall's motion and argue that he had ample notice and opportunity to file a consumer credit reporting dispute previously

5

but did not do so. (Doc. 111 at 2). According to Defendants, they will be extremely prejudiced by the continuous addition of new allegations that create a moving target. (Id.). Defendants point out that Tunstall's belated credit dispute was filed on October 26, 2020, more than two years after he filed his initial complaint in this Court, and more than a year after Edwards and Mosley were served. (Id.).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(1) provides that, within certain parameters, a party may amend its pleading once "as a matter of course." See Fed. R. Civ. P. 15(a)(1). Because Tunstall has already amended his pleading at least two times, he must utilize Fed. R. Civ. P. 15(a)(2), which requires that he obtain "the opposing party's written consent or the court's leave" prior to filing an amended complaint. See Fed. R. Civ. P. 15(a)(2). The Federal Rules instruct that the court "should freely give leave when justice so requires." Id.; Foman v. Davis, 371 U.S. 178, 182 (1962).

The right to amend, however, is not absolute. "A district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree,

6

252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam).  The grant or denial of an opportunity to amend is within the discretion of the district court.  See Laurie v. Ala. Court of Crim. Appeals, 256 F.3d 1266, 1269 (11th Cir. 2001) (per curiam).

## III. DISCUSSION

Upon consideration, the undersigned concludes that Tunstall's motions should be **DENIED**.  Turning first to Tunstall's motion to amend his complaint (Doc. 98), the undersigned finds that while Tunstall professes that he does not seek to add claims but is instead seeking to clarify his claims, the proposed amended complaint fails to do so.  At best, the proposed amendment continues to "muddy the waters" by focusing on alleged actions taken in Louisiana by persons not properly before this Court. Further, it appears that Tunstall seeks to expand his claims against Defendants Mosley and Edwards rather than simply clarify his claims against them.  For instance, in Tunstall's third amended complaint, filed in February 2019, he asserts:

> 16. On or about October 31, 2008 Defendant Edwards knowingly and willfully falsified an official Child Support Enforcement Transmittal and Registration Statement by representing the Georgia court in Civil Action 94-V-01246 ordered Plaintiff to pay $750.00 per month in child support; that Plaintiff owed an arrearage of $150,171.17, allegedly accruing during the period September 25, 1992 - March 5, 2007; and that the Georgia court orders were not presented to any other court, despite being fully aware said averments directly conflicted with the 13 years of records and court orders in her possession and control.

> 17. On or about October 31, 2008 Defendant Mosley certified the falsified official Child Support Enforcement Transmittal and Registration Statements described in ¶16 as being true and correct despite being fully aware the information set forth herein conflicted with the 13 years of records and court orders in her possession and control, as well as her prior representations to the Juvenile court that the Georgia court in rendering the October 13, 1994 Final Judgment and Decree did not establish a child support order.
>
> 18. On or about October 31, 2008 Defendants Edwards and/or Mosley after intentionally suppressing the orders entered by the Juvenile court between June 1995 - April 2008, transmitted the known falsified and fabricated official Child Support Enforcement Transmittal, Registration Statements, a certified copy of Plaintiff's falsified official Alabama Child Support Records and Defendant Glidewell's known perjured Affidavit of Past Due Support to Louisiana Department of Family and Child Services ("DCFS") and requested Defendant Diagle initiate enforcement action against Plaintiff.

(Doc. 7 at 5-6).

However, in Tunstall' proposed fifth amended complaint, filed nearly two years later, he asserts as follows:

> 8. On or about September 30, 2008, Edwards and/or Mosley received an affidavit of past due support executed by Kimberly M. Glidewell and despite having actual and constructive knowledge the allegations set forth therein were perjured, Defendants set about to manufacture a basis to use Alabama and Louisiana state enforcement services to obtain sums certain in fabricated child support arrears and interest from Plaintiff.
>
> 9. Between September 30 - October 31, 2008 Edwards, Mosley **and/or others acting under their direction** supplanted Plaintiff's Alabama child support records with known false information to simulate: (1) on October 1, 1992 the Superior Court of Liberty County Georgia (Georgia court) entered in Civil Action No. 94-V-0126 order directing Plaintiff to pay $750.00 per

8

>   month in support, and (2) that Plaintiff owed $150,117.17 in arrears and interest accruing between 10/1/92 thru 10/31/08. (emphasis added)
>
>   10.   On October 31, 2008, Edwards executed a Child Support Enforcement Transmittal and Registration Statement knowingly falsely attesting that: (1) on October 1, 1992, the Georgia court in Civil Action 94-V-01246 ordered Plaintiff to pay $750.00 per month in support; (2) Plaintiff owed $68,806.05 in arrears and $81,311.12 in interest accruing between 10/1/92 thru 10/31/08; (3) Plaintiff's adult children were dependent; (4) the Georgia order was presumed controlling; (5) that the Georgia court was the initiating tribunal; and (6) that ADHR Child Support Enforcement Division had been actively enforcing the Georgia court's order.
>
>   11.   On October 31, 2008, Mosley certified the Child Support Enforcement Transmittal and Registration Statement identified in ¶10 above despite having actual and constructive knowledge the factual allegations set forth therein were patently false and Edwards' attestation as to the veracity of the same was perjured.
>
>   12.   On or about October 31, 2008, Edwards, Mosley ***and/or others acting under their direction*** transmitted the known falsified Alabama child support records, falsified Child Support Enforcement Transmittal and Registration Statement to the Louisiana Department of Children and Family Services (DCFS) to initiate enforcement action against Plaintiff.

(Doc. 99-1 at 2-3) (emphasis added).

The above-referenced allegations in Tunstall's latest proposed amendment expand his claims against Defendants Mosley and Edwards by encompassing the acts of unnamed individuals whom Tunstall contends acted under their direction. Given that Tunstall has already been permitted to amend his complaint, that his operative complaint has been pending nearly two years, and that his proposed amendment does not clarify the claims in the operative

9

claim and still focuses on alleged actions taken in Louisiana by persons not properly before this Court, his motion to amend is due to be **DENIED**.

Also pending before the Court is Tunstall's Motion for Leave to File Supplemental Complaint (Doc. 107). Although styled a "supplemental complaint", this is yet another request by Tunstall to amend his complaint by adding a new claim and two new defendants, one of whom is not specifically identified. In his supporting brief, Tunstall asserts that on October 26, 2020, he disputed information contained in his credit report through the TransUnion credit reporting agency, and that during TransUnion's investigation, he learned that "Defendant A," an agent of the Alabama Department of Human Resources ("ADHR"), knowingly subscribed false statements. (Doc. 108 at 1-2). According to Tunstall, "Defendant A" reported that Tunstall "has owed a child support arrearage of $7958.00 since July 1, 1995, the account closed and collection efforts ongoing." (Id. at 2). Tunstall seeks to add as Defendants ReMiga T. Coleman, the Director of the Baldwin County Department of Human Resources, and "Defendant A," an unidentified ADHR employee who reported the allegedly false information to the credit bureau. (Id. at 3). Tunstall also seeks to hold Edwards responsible for the actions of "Defendant A," by virtue of Edwards' alleged roles as the records custodian for ADHR's Baldwin County Office and the Child Support Enforcement

10

agent responsible for Tunstall's case file, and because Edwards is alleged to have actual and constructive knowledge that various child support orders and judgments issued by the Baldwin County Juvenile Court were held void and that a court in Louisiana determined that Tunstall owes zero dollars in child support and/or arrears. (Id. at 9). Tunstall asserts that as Director of Baldwin County Department of Human Resources, Coleman is responsible for child support enforcement case assignments and management, and she has authority to grant access to and the release or disclosure of information contained in his child support records to a consumer reporting agency. (Id. at 10).

Defendants argue that Tunstall should not be allowed to continuously amend and supplement his complaint with new factual allegations and to add new parties more than two years after the filing of his initial lawsuit. (Doc. 111). Defendants further assert that they are prejudiced by Tunstall's proposed amendment because they are entitled to know the identity of "Defendant A," over whom it is alleged they exercised control. (Id. at 2). They further assert that to the extent Tunstall seeks to sue Coleman in her official capacity, she is immune from suit, because official capacity lawsuits are treated as a suit against the government entity. (Id. at 2-3). Defendants also assert that to the extent Tunstall seeks to sue Coleman in her individual capacity, she is entitled to qualified immunity and, in any event, Tunstall has not

11

alleged that Coleman had any personal involvement in the alleged constitutional deprivation or any causal connection with the alleged constitutional violation other than in a supervisory capacity. (Id. at 3-4).

As noted previously, while leave to amend should be freely given, denial is appropriate where: (1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) amendment would be futile. Bryant, 252 F.3d at 1163. In his motion to supplement (Doc. 107), Tunstall is seeking to add new parties and a new credit report claim based on activities that are alleged to have occurred in October and November 2020. (See Doc. 108 at 8). However, Tunstall has maintained throughout this litigation that false and defamatory information about him began to be reported to credit reporting agencies as a result of misrepresentations by Baldwin County Department of Human Resources employees as early as November 8, 2008. (See Doc. 1 at 11-12). In his motion to supplement, Tunstall offers no explanation for his belated assertion of this claim, given that he knew at the time he filed this action that allegedly false information was being reported. The fact that he did not choose to dispute the credit entries until October 2020 does not excuse the fact that he knew of the false reporting when he initiated this action and could

12

have included the allegations in his third amended complaint. At this stage, allowing the proposed amendment will cause undue prejudice to Defendants, as Tunstall continues to attempt to expand his claims and the parties. Tunstall was previously afforded an opportunity to amend his pleadings, multiple preliminary motions have been filed and resolved based on his operative pleading, and discovery is now underway. Permitting Tunstall to add this claim and two parties would result in undue delay in this litigation and would violate Federal Rule of Civil Procedure 1, which states that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Accordingly, his motion to supplement should be **DENIED**.[2]

## IV. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Tunstall's Motion for Leave to File Fifth Amended Complaint (Doc. 98) and Motion for Leave to File Supplemental Complaint (Doc. 107) be **DENIED**.

---

[2] It also appears that the proposed supplement is futile, as Tunstall has not alleged that either Edwards or Coleman personally reported the allegedly false information to the credit bureau, or that the allegedly false information was reported pursuant to a custom or policy.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **4th** day of **January, 2021.**

                                                    **/s/ SONJA F. BIVINS**
                                         **UNITED STATES MAGISTRATE JUDGE**